THE BURLINGTON & MISSOURI RIVER R. R. COMPANY *v.* WHITE.

Where articles of incorporation of a railroad company, restrict the instalments of stock that may be called for in any one year by the board of directors, to twenty-five per centum on such stock, and to ten per centum at any one time; and also provides that said articles may at any time be changed by the unanimous consent of the board of directors; the board of directors possess the power to so change the manner of calling for instalments of stock, as to require instalments to be paid in sums not exceeding five per centum per month, and such change, upon a compliance with sections 678, 679 and 680 of the Code, will be binding upon stockholders who subscribed previous to such alteration of the articles of incorporation.

*Appeal from the Des Moines District Court.*

MONDAY, DECEMBER 28.

This was an action brought to recover certain instalments upon the defendant's subscription to the capital stock of the plaintiff's company. The petition avers, that on the 10th day of August, 1853, defendant subscribed for five shares of stock, to be paid in such instalments as should be called for, not exceeding five per centum per month, and on condition that the grading of the road should be commenced in one year. It is averred that the grading of the road was commenced in one year, and that the whole amount of defendant's subscription had been called for in instalments of five per centum per month,

according to the charters and by-laws of the company, of which calls, due notice had been given, and that the whole amount subscribed by defendant is due. By the original articles of incorporation, the capital stock of the company, fixed at three millions of dollars, was divided into shares of one hundred dollars each. Article fifteen provided that "the board of directors may call for instalments upon the stock, to be paid at such times and places as they may direct, but not more than twenty five per centum on such stock, can be called for in any one year, nor more than ten per centum at any one time." By article sixteen, it was further provided, that "these articles of association may at any time, be changed by the unanimous consent of the whole board of directors; or they may be changed by a vote of the stockholders, at any general or special meeting, provided that four weeks notice of such change, specifying its exact character, be given immediately prior to such meeting," &c. On the 25th of November, 1853, the fifteenth article was so amended, as to permit the board of directors to order the instalments of stock subscribed, to be paid in sums not exceeding five per centum per month.

It is stated in the record, that defendant gave evidence tending to prove that his subscription was made prior to the amendment of the articles of incorporation. The subscription of stock made by defendant, was included in a list embracing the names of a number of other subscribers, all of which were affixed to the following agreement: "We, the subscribers, hereby agree to pay the amount of stock respectively subscribed by us, in such instalments as may be called for by the board of directors, not exceeding five per centum, per month." The first subscription on the list, was dated August, 1853. The defendant's name stands fourteenth on the list, and underneath his signature, is the following: "On condition that the grading is commenced in one year." The record states that the plaintiffs proved their compliance with this condition, and that it appeared that defendant had paid fifty dollars on his subscription, in July, 1854. The balance, with inter-

est, is now sought to be recovered as due, under calls made by the board of directors, at the rate of five per centum per month, commencing with July, 1853. The court charged the jury, that "inasmuch as the sixteenth article of the charter of incorporation, under which the railroad company was organized, conferred upon the board of directors, or the stockholders, power to change the same, if the jury believed that in making such change, the requirements of the Code, (section 678, 679, and 680), had been conformed to, then the fact that said alteration was made subsequent to the time of subscribing by defendant, was no reason why plaintiff should not recover." The defendant's answer was a general denial of the petition. There was judgment for the plaintiff, for the amount claimed. Defendant apppeals.

*J. C. & B. J. Hall*, for the appellant.

*David Rorer*, for the appellee.

STOCKTON, J.—The only question is, had the company power so to change its articles of incorporation, as to require defendant to pay more than twenty-five per centum of his stock in any one year? And was such change binding on defendant? It is insisted by defendant, that his subscription of stock having been made under the articles of incorporation, when they did not allow the plaintiffs to call for more than twenty-five per centum of any subscription in any one year, he could not, by any act of the company, be required to pay any greater amount annually, or rendered liable in this action for the amount of stock subscribed for by him, called for in instalments at the rate of five per centum per month. It will be observed, that at the time of defendant's subscription, the charter provided that the articles of incorporation might be changed, by the unanimous consent of the whole board of directors, or by the stockholders at, any general or special meeting.

If a corporation procure an alteration to be made in its charter, by which a new and different business is superadded to that originally contemplated, such of the stockholders as do not assent to the alteration, will be absolved from liability on their subscriptions to the capital stock. Especially will this be the case, if the alteration be plainly prejudicial to the interest of the stockholder. *New Haven & Hartford R. R. Co.* v. *Croswell*, 5 Hill, 383. The terms of the contract, between the subscriber for stock and the corporate body, are limited by the specific provisions, rights and liabilities detailed in the act of incorporation. To make a change in this contract, as in any other, the assent of both parties is necessary. The corporation, on the one part, may assent by a vote of the majority—the individual, on the other part, by his own personal acts. *Union Locks & Canal Co.* v. *Towne*, 1 N. Hamp., 44.

The charter of the company, plaintiff in this case, provides that the articles of incorporation are formed and adopted under, and in pursuance, of the forty-third chapter of the Code of Iowa, which provides for changes in the charter, which, when recorded and published, as the original articles are required to be, are valid. Code, section 680. In view of this provision of the law, and the articles of the charter, which authorizes changes to be made by the board of directors, or by the stockholders, we do not think the defendant can, with justice, allege that his liability has been increased or changed, without his consent. He consented to the change being made, and authorized the company to call for payment of his subscription stock, at the rate of five per centum per month, by becoming a member of the corporation. *South Bay Meadow Dam Company* v. *Gray*, 30 Maine, 547.

This view of the defendant's liability, upon his assent to the change made in the charter, sufficiently disposes of the case, without reference to the other question made by plaintiff's counsel, upon the meaning and effect of the agreement prefixed to defendant's subscription; and upon

the consequence to be attached to the fact of his having paid fifty dollars on his subscription.

Judgment affirmed.